**Charles ROBINSON, Plaintiff,**

v.

**METRO NORTH COMMUTER RAILROAD COMPANY, Defendant.**

**Raymond Norris, Plaintiff,**

v.

**Metro–North Commuter Railroad Company, Defendant.**

**Nos. 94 Civ.7374 (JSR), 95 Civ.8594 (JSR).**

United States District Court, S.D. New York.

July 19, 2004.

Alan L. Fuchsberg, The Jacob D. Fuchsberg Law Firm, New York, NY, John R. Quinn, Esq., Bayshore, NY, for Plaintiffs.

Myron D. Rumeld, Proskauer Rose LLP (New York), New York, NY, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiffs move to "reform" the Settlement Agreement to include the position of "Assistant Conductor" among the positions covered by the Agreement. Defendant Metro–North Commuter Railroad Company ("Metro–North") opposes, arguing that since the heavily-negotiated Settlement Agreement expressly lists 53 positions that are covered by the Agreement, and Assistant Conductor is not among them, there is no basis for its addition now. In particular, Section X.(B)(1)(a) of the Settlement Agreement accords coverage to any class member "occupying one of the positions identified by the Second Circuit in its decision at 191 F.3d 283 (2d Cir.1999), as set forth more clearly in Exhibit F hereto," and Exhibit F, in turn, lists "Conductor" but not "Assistant Conductor." Since, concededly, these are two different positions, it follows, Metro–North argues, that the Settlement Agreement unambiguously excludes Assistant Conductor from coverage.

■ Reformation of contract, however, is not a matter of resolving an ambiguity in a contract but rather of supplying what the parties clearly intended to include but inadvertently omitted. *See e.g. Loewenson v. London Mkt. Cos.*, 351 F.3d 58, 61 (2d Cir.2003). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties." *George Backer Management Corp. v. Acme Quilting Co., Inc.*, 46 N.Y.2d 211, 413 N.Y.S.2d 135, 139, 385 N.E.2d 1062 (1978).

Here, the following facts are undisputed. During the course of discovery, plaintiffs employed a statistical expert, Dr. Harriet Zellner, who analyzed discipline rates in the different departments at Metro–North and identified certain positions for which there were higher discipline rates for African-Americans than for Caucasians. However, Dr. Zellner drew her statistics from a database provided by Metro–North that, unbeknownst to her, combined certain positions under single titles. Nonetheless, it was that list of 48 positions that, as noted, was not only referred to by the Court of Appeals in its decision in *Caridad v. Metro–North Commuter Railroad,* 191 F.3d 283, 289 (2d Cir.1999), but, in turn,

was adopted by reference in section X.(B)(1)(a) of the Settlement Agreement.

However, while the Settlement Agreement was still being drafted, one of defendant's counsel, Katharine Parker, Esq., called plaintiffs' lead counsel, Alan Fuchsberg, Esq., to inform him that Dr. Zellner's list of 48 positions did not fully conform to Metro–North's own description of the positions, in that, in several instances, it combined two positions under one title. Ms. Parker suggested, and Mr. Fuchsberg agreed, that the matter be clarified by attaching an Exhibit F that more perfectly described the positions. Affidavit of Alan Fuchsberg ("Fuchsberg Aff."), dated May 2, 2004, at 4; Affidavit of Katharine Parker ("Parker Aff."), dated May 10, 2004, at ¶ 4. That is why the final wording of Section X.(B)(1)(a), after referring to *Caridad,* adds the phrase "as set forth more clearly in Exhibit F hereto," and why Exhibit F lists 53 positions.

■ It now appears, however, that counsel for both sides overlooked the fact that one of the titles under which Dr. Zellner inadvertently combined data from two positions was "Conductor," which, it turns out, included data from both the Conductor and the Assistant Conductor positions. Affirmation of Alan L. Fuchsberg, dated March 22, 2004, at Exh. H (Email from Dr. Harriet Zellner). Although this was an oversight, it is undisputed that the parties' intent was to recategorize Dr. Zellner's list of "48 positions" to include all positions to which her data for those 48 positions related. Since Assistant Conductor was in fact one such position, the data from which was included by Dr. Zellner in her category entitled "Conductor," it is plain that the parties effectively agreed to include the position of Assistant Conductor within the scope of the Settlement Agreement.

Accordingly, the Court hereby grants plaintiffs' motion and reforms Exhibit F to the Settlement Agreement to add the position of Assistant Conductor.

SO ORDERED.